UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARENDRA SHARMA, assignee for Shree Shiva LLC,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF REDDING, a municipal corporation, RICHARDSON C. GRISWOLD, a court appointed receiver,<br><br>Defendants. | No. 2:17-cv-00487-MCE-AC-PS<br><br>**MEMORANDUM AND ORDER** |

On March 6, 2017, Plaintiff Narendra Sharma, Assignee for Shree Shiva LLC ("Plaintiff") filed a Complaint (ECF No. 1) and a Motion for Temporary Restraining ("TRO") and Preliminary Injunction ("PI"). ECF No. 2. Plaintiff, acting in pro se, seeks to enjoin the sale of Americana Lodge, a motel located in Redding, California. As set forth below, because Plaintiff has failed to demonstrate the presence of an immediate irreparable injury, his application for a TRO is denied. Plaintiff may, however, proceed in pursuing his request for a PI, and a hearing in that regard is scheduled for April 6, 2017 at 2:00 p.m.

///

///

## BACKGROUND

In his Complaint, Plaintiff alleges that Defendant City of Redding ("City") filed a complaint for nuisance against Shree Shiva LLC, the then owner of the Americana Lodge, and sought the appointment of a receiver.  According to the Complaint, Shree Shiva agreed to a court appointed receiver on grounds that it would both expedite bringing the property back into compliance with City ordinances and save costs of litigation.  On January 22, 2016, the court appointed Defendant Richardson C. Griswold as Receiver, and Mr. Griswold, who is also a Defendant here, took possession and control of the property on March 22, 2016.

Plaintiff alleges that Defendants in fact intended to seize the property in violation of the Fifth Amendment's Taking Clause.  He alleges that the Receiver is now attempting to sell the Americana Lodge on a "fire sale" basis and, on December 1, 2016, accepted a purchase offer from Hignell, Inc. for $375,000.00.  Pl.'s Motion, 7:12-13.

According to the Declaration of Bhupenrda Thakor, he and his wife, Sudha Thakor, each owned 50 percent of the interests in Shree Shiva LLC, the California limited liability company which purchased the Americana Lodge in March of 2004. Thakor Decl., ECF No. 2-1, 15:21-23.  Attached to Mr.Thakor's Declaration as Exhibit 1 is a purported subsequent sale agreement of Shree Shiva, LLC to Plaintiff Narendra Sharma for the purchase price of one dollar.  Sharma apparently bases his right to sue on that agreement, and seeks to enjoin the City and Receiver from proceeding with any sale of the property.

As indicated above, however, the Receiver allegedly accepted Hignell's offer to purchase the Americana Lodge more than three months ago.  Although Plaintiff appears to contend the property is in escrow, there is no indication in the papers when that escrow is scheduled to close, let alone whether it is imminent.

///
///

**STANDARD**

The purpose of a temporary restraining order is to preserve the status quo pending the complete briefing and thorough consideration contemplated by full proceedings pursuant to a preliminary injunction. See Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438-39 (1974) (temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"); see also Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006); Dunn v. Cate, No. CIV 08-873-NVW, 2010 WL 1558562, at *1 (E.D. Cal. April 19, 2010).

Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and plaintiffs have the burden of proving the propriety of such a remedy. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). In general, the showing required for a temporary restraining order and a preliminary injunction are the same. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The propriety of a TRO in particular hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

///
///
///
///

**ANALYSIS**

The papers submitted by Plaintiff contain no indication of imminent irreparable harm that cannot be remedied by monetary damages.  As set forth above, there is no indication that escrow will close on the alleged sale of the property to Hignell, Inc. at any particular time, let alone imminently.  While Plaintiff argues that the business in the property that has been built up over the last twelve years will be "eviscerated overnight" once the sale becomes final, the Court cannot justify issuance of the extraordinary remedy represented by a temporary restraining order, particularly without giving Defendants the opportunity to be heard on the matter beforehand, when there is no indication when or if the sale will in fact be finalized.

In addition, while Plaintiff's TRO Checklist filed concurrently with his Motion states that there has been no undue delay in applying for a TRO, the Court is not convinced. According to Plaintiff, the disputed sale agreement with Hignell, Inc. was reached on December 1, 2016, more than three months ago.  Shree Shiva LLC has therefore been on notice of the impending sale since that time, and Plaintiff himself claims the rights to Shree Shiva were assigned to him by Sales Agreement dated January 28, 2017, more than five weeks ago.  It is not clear why Plaintiff waited until March 6, 2016 to move the emergency remedy of a TRO, and Plaintiff has provided no explanation for his delay, which also undermines the argument that any harm he may suffer is imminent and irreparable.  Because Plaintiff and Shree Shiva have not treated this situation as an emergency over the preceding three months, this Court declines to do so now.  Instead, no satisfactory reason has been offered why this matter should not be fully briefed and considered in the context of a regularly noticed request for PI, as Plaintiff alternatively seeks.

///
///
///

4

**CONCLUSION**

For all of the above reasons, the Court DENIES Plaintiff's Motion (ECF No. 2) to the extent it requests that the Court issue a TRO. A hearing on Plaintiff's alternative request for a PI is, however, set for April 6, 2017, at 2:00 p.m. Plaintiff is directed to provide notice of that hearing date to Defendants not later than March 10, 2017. Defendants' opposition to Plaintiff's Motion must be filed not later than March 24, 2017, and a reply, if any, is due on March 31, 2017.

IT IS SO ORDERED.

DATED: March 8, 2017

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE