UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARENDA SHARMA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF REDDING,<br><br>　　　　Defendant. | No. 2:17-cv-00487 MCE AC (PS)<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff's motion captioned "Motion to Set Aside State Court's Order Appointing Receiver as Void Order," ECF No. 28, came on for hearing on June 14, 2017. Plaintiff Narenda Sharma appeared in pro se. Counsel John M. Fujii appeared for defendant City of Redding, and Ivo Keller specially appeared on behalf of the Receiver.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action under 42 U.S.C. § 1983, purportedly as assignee for Shree Shiva, LLC, the former owner of the Americana Lodge in Redding. ECF No. 1. The complaint alleges numerous constitutional violations in the City's pursuit of nuisance abatement proceedings against the motel property.

The City filed a Complaint for Nuisance Abatement and Receivership in Shasta County Superior Court, pursuant to the California Health and Safety Code, on October 27, 2015. The complaint was based on a city inspection of the property which had identified 532 code violations

1

and other nuisance conditions. Shree Shiva, LLC, through counsel, subsequently stipulated to the appointment of a Receiver, and the court issued a Receivership Order on January 22, 2016. The court-appointed Receiver took possession and control over the property, and determined that rehabilitation would require a cost-prohibitive degree of re-building and re-construction. Demolition of the building was also determined to be cost-prohibitive due to the presence of asbestos. The Receiver obtained court approval to sell the property "as-is" to a buyer willing and able to rehabilitate it. The property was sold on December 16, 2016. The Receiver continues to report to the court; the case remains open.[1]

The complaint alleges that the City's actions (1) constitute a taking of property without just compensation, (2) violated procedural due process, (3) constituted a conspiracy with the Receiver, (4) violated the property access rights of the owners, and (5) violated the constitutional guarantee of equal protection. ECF No. 1 at 17-20. Plaintiff seeks monetary damages and declaratory and injunctive relief. Id. at 20.

## II. DISCUSSION

Plaintiff has not identified a basis for his motion, in the Federal Rules of Civil Procedure or otherwise.[2] He seeks a court order invalidating the Receivership Order of the Shasta County Superior Court. This request cannot be construed as a motion for a preliminary injunction, because the requested order would neither maintain the status quo nor direct a party to the lawsuit to take action. See Arizona Dream Act Coalition v. Brewer, 757 F.3d 1053, 1060-61 (9th Cir. 2014) (distinguishing between prohibitory injunctions and mandatory injunctions); see also Nken v. Holder, 556 U.S. 418, 428 (2009) (injunction is "means by which a court tells someone what to

---

[1] The history of the nuisance abatement proceeding is thoroughly documented in defendant's exhibits to its opposition to the motion, ECF No. 32-2. Defendant's request for judicial notice of these documents, ECF No. 32, is granted. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (court may judicially notice its own records and those of other courts); Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] The moving papers, and plaintiff's reply brief, largely recite plaintiff's grievances with the City, the Receiver, and the Shasta County Superior Court. The merits of those disputes are not material to the threshold issues discussed above, which provide ample grounds to deny the motion. Defendant's several additional arguments in opposition to the motion need not be considered.

2

do or not to do"). On the contrary, the motion seeks to upend the status quo and to do so by direct federal court fiat. The familiar standards for preliminary injunctive relief do not apply to such a request.[3]

It is axiomatic that the moving party must present a legal basis for extraordinary relief. Plaintiff has identified no authority for the proposition that a federal district court may "set aside" or otherwise vacate or invalidate an order of a state court in this context.[4] Accordingly, plaintiff's motion is subject to summary dismissal as inadequately supported.

Moreover, it is clear that this court has no authority to grant the requested relief. The federal district court has no power to review the actions of the Shasta County Superior Court or to set aside its orders. Our Constitution contemplates a dual system of federal and state courts, which cannot function if federal courts intervene in state judicial proceedings. The state courts are constitutionally entitled to independence. Accordingly, state proceedings must normally continue unimpaired by intervention from the lower federal courts. Relief from state court error comes through the state appellate courts and ultimately, in some circumstances, from the U.S. Supreme Court. See Chick Kam Soo v. Exxon Corp., 486 U.S. 140, 146 (1988). Absent a specific constitutional or statutory grant of authority, which is absent here, this court simply has no authority to invalidate state court orders. The motion should be denied on this ground as well.

Finally, the requested relief is barred by the abstention doctrine first announced in Younger v. Harris, 401 U.S. 37, 45 (1971), which held that federal courts should not ordinarily enjoin pending criminal proceedings in state courts. The Younger abstention doctrine is based on considerations of equity, comity, and federalism. Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 10-11 (1987). It has been extended to a limited class of civil proceedings, specifically those which are

---

[3] Moreover, if plaintiff were requesting a preliminary injunction it would be barred by the Anti-Injunction Act, 28 U.S.C. § 2283. See Smith v. Bayer, Corp., 564 U.S. 299, 306 (2011).

[4] Plaintiff relies on section 473 of the California Code of Civil Procedure, which provides that the court may set aside "any void judgment or order." ECF No. 28 at 12. The California Code of Civil Procedure applies only to California state courts, it cannot give power to federal courts. An Act of the U.S. Congress is required to confer jurisdiction on the federal courts. Plaintiff also cites case law for the proposition that an order exceeding a court's jurisdiction is void or voidable. ECF No. 28 at 13. None of the cited cases give federal courts power to consider the validity of state court orders, let alone set them aside.

3

"akin to criminal prosecutions," or which "implicate a State's interest in enforcing the orders and judgments of its courts." Sprint Communications, Inc. v. Jacobs, 134 S. Ct. 584, 588 (2013) (citations omitted). The Supreme Court has laid out a three-part test for determining when to apply Younger to a civil proceeding. Abstention is required if the state proceedings: (1) are ongoing; (2) implicate "important state interests"; and (3) provide an adequate opportunity to raise federal questions. Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). The Ninth Circuit has articulated an implied fourth requirement that (4) the federal court action would "enjoin the proceeding, or have the practical effect of doing so." Gilbertson v. Albright, 381 F.3d 965, 978 (9th Cir. 2004) (en banc).

It is well established that the circumstances warranting Younger abstention include civil enforcement proceedings. New Orleans Public Service, Inc. v. Council of New Orleans, 491 U.S. 350, 367-68 (1989). When a state or local government entity is in an enforcement posture, exercising its executive authority to regulate or remedy socially harmful conduct, the "important state interest requirement" is easily met. Potrero Hills Landfill, Inc. v. County of Solano, 657 F.3d 876, 883-84 (9th Cir.2011). Accordingly, federal actions challenging the enforcement of public nuisance laws are barred by Younger. Huffman v. Pursue, Ltd., 420 U.S. 592 (1975); see also Woodfeathers, Inc. v. Washington County, Oregon, 180 F.3d 1017, 1021 (9th Cir. 1999) ("Civil actions brought by a government entity to enforce nuisance laws have been held to justify Younger abstention.").

Here, all the requirements for Younger abstention are present. First, the Shasta County nuisance abatement proceeding is ongoing. Second, that proceeding by its nature implicates important state regulatory and enforcement interests in nuisance abatement. Third, the Shasta County Superior Court is a venue in which federal questions can be raised, and plaintiff has in fact presented his concerns there (albeit unsuccessfully). Finally, the action plaintiff seeks – an order vacating the superior court's appointment of the receiver – would have the practical effect of enjoining the abatement process.

At hearing on the instant motion, plaintiff argued that Younger abstention does not apply because the nuisance abatement proceeding was brought in bad faith and involved fraud. The

Supreme Court held in Huffman, supra, that abstention is not required where "the District Court properly finds that the state proceeding is motivated by a desire to harass or is conducted in bad faith. . ." 420 U.S. at 611. Plaintiff's "bad faith" theory, as presented in oral argument, is predicated on the same conduct which he claims renders the Receivership Order void, including alleged defects in the stipulation and interlineations on the proposed order by the judge. This is an insufficient basis for the bad faith exception to Younger. See Baffert v. Cal. Horse Racing Board, 332 F.3d 613, 621 (9th Cir.) (facts underlying the claimed constitutional violation do not support exception to Younger), cert. denied, 540 U.S. 1075 (2003). In the Younger abstention context, bad faith "means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." Kugler v. Helfant, 421 U.S. 117, 126 n.6 (1975). Plaintiff does not meet that standard.

There are no facts here to suggest that the state court proceeding was initiated without intent to abate an actual nuisance, but rather for the purpose of harassing plaintiff or preventing him from exercising his rights. Cf. Younger, 401 U.S. at 47-49 (discussing Dombrowski v. Pfister, 380 U.S. 479 (1965), which upheld an injunction against baseless criminal prosecutions of civil rights workers, which were intended to discourage civil rights advocacy). To the contrary, the record demonstrates that the City had a valid factual basis for initiating the proceeding, and a reasonable expectation of obtaining relief under the Health and Safety Code. Cf. Baffert, 332 F.3d at 621 (no bad faith where regulatory board had reasonable basis to initiate enforcement proceeding against horse trainer). Because the bad faith exception does not apply, the Younger abstention doctrine bars the relief plaintiff seeks.

For all these reasons, the motion must be denied.

### III. DEFENDANT'S REQUEST FOR SANCTIONS

In its opposition to plaintiff's motion, the City requests issuance of an Order to Show Cause, pursuant to Rule 11(c)(3), Federal Rules of Civil Procedure, why plaintiff should not be monetarily sanctioned for filing a frivolous motion. ECF No. 31 at 14. For the reasons discussed at the hearing on plaintiff's motion, this request will be denied without prejudice. Defendant has raised the sanctions issue again in its recently-filed motion to dismiss, ECF No. 35, and it is best

5

adjudicated in that context. Accordingly, the request is denied without prejudice and will be considered in the context of the motions to dismiss and to strike, ECF Nos. 35, 36.

IV. CONCLUSION

For the reasons set forth above, it is HEREBY ORDERED that Defendant's request for an Order to Show Case re Sanctions is DENIED without prejudice.

Further, it is RECOMMENDED that plaintiff's "Motion to Set Aside State Court's Order Appointing Receiver as Void Order," ECF No. 28, be DENIED for the reasons set forth above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir.1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: June 16, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE