UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARENDRA SHARMA, assignee for Shree Shiva LLC,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF REDDING, a municipal corporation, RICHARDSON C. GRISWOLD, a court appointed receiver,<br><br>Defendants. | No. 17-cv-00487-MCE-AC PS<br><br>**ORDER** |

On March 6, 2017, Plaintiff Narendra Sharma, Assignee for Shree Shiva LLC ("Plaintiff") filed the present action, which sought to enjoin the sale of Americana Lodge, a motel located in Redding, California. Related state court litigation was already pending in Shasta County for nuisance abatement and receivership against the registered owner of the motel, Shree Shiva, LLC.

Plaintiff, citing an assignment he purportedly received from Shree Shiva, filed a request for temporary restraining order ("TRO") concurrently with his federal complaint, which request was denied on grounds that Plaintiff failed to demonstrate the presence of an immediate irreparable injury. ECF No. 5. Given Plaintiff's status as a pro se litigant, his alternative request for a preliminary injunction was ultimately referred, on April 25,

1

2017, to the assigned magistrate judge for adjudication pursuant to Eastern District Local Rule 302(c). ECF No. 20. By that time, Defendant City of Redding had filed Motions to Dismiss and to Strike (ECF Nos. 14 and 15) which were also referred to the magistrate judge for disposition. ECF No. 18. After the filing of a First Amended Complaint on May 17, 2017, Plaintiff then moved to set aside a state court order appointing a receiver in proceedings involving the subject motel. ECF No. 28. Defendant City renewed its Motions to Dismiss and to Strike following its receipt of the First Amended Complaint. ECF Nos. 35-36. With the exception of the Motion to Set Aside and the initial TRO request, none of the motions enumerated above were ever ruled upon prior to the time Plaintiff filed a Notice of Voluntary Dismissal which terminated these proceedings on July 17, 2017.

Despite Plaintiff's dismissal, Defendant City filed the Motion for Sanctions now before the Court on September 15, 2017. ECF No. 48. The City's motion is based on the provisions of Federal Rule of Civil Procedure 11(c), which provides for the imposition of sanctions where court filings are "frivolous, legally unreasonable, or without factual foundation, or… brought for an improper purpose." Estate of Blue v. County of Los Angeles, 120 F.3d 982, 985 (9th Cir. 1997). The City claims that Plaintiff's lawsuit was nothing more than a frivolous and harassing tactic intended to retaliate against it for lawfully exercising its police and regulatory powers to abate dangerous and unlawful nuisance conditions existing at the subject motel.

The City correctly notes that Plaintiff's voluntary dismissal of the action does not necessarily insulate him from Rule 11 liability or exposure. Id. at 395-98. Additionally, the fact that Plaintiff was proceeding in pro se prior to dismissal of this action[1] also does not immunize Plaintiff from Rule 11 sanctions. Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994). Nonetheless, as Plaintiff points out in response to the City's Motion, the party requesting sanctions has the burden to show why sanctions are justified (see Tom Growney Equipment, Inc. v. Shelley Irrigation Development, Inc., 834 F.2d 833, 837

---

[1] Plaintiff obtained counsel only after the present Motion was filed.

1  (9th Cir. 1987), since Rule 11 sanctions are "an extraordinary remedy, one to be
2  exercised with extreme caution." Operating Engineers Pension Trust v. A-C Company,
3  859 F.2d 1336, 1345 (9th Cir. 1988).

4  Defendant City argues that Plaintiff was already warned in the state court
5  proceedings about filing frivolous motions. Nonetheless, Plaintiff was not formally
6  determined to be a vexatious litigant, apparently because he was not formally a party to
7  the Shasta County lawsuit. In the only motion (aside from the TRO order filed at the very
8  onset) actually adjudicated in this case, the assigned magistrate judge did take Plaintiff
9  to task, and denied his Motion to Set Aside, on grounds that Plaintiff had "identified no
10 authority for the proposition that a federal district court may set aside or otherwise vacate
11 or invalidate an order of a state court . . . " July 12, 2017 Amended Order, ECF No. 43:
12 3:10-13. Nonetheless the magistrate judge denied the City's request for sanctions,
13 stating that any such request would best be adjudicated during the hearing on the City's
14 pending Motion to Dismiss, which also requested that sanctions be imposed. Id. at 6:6-
15 12.

16 Plaintiff dismissed his lawsuit on July 13, 2017, just over a month after the
17 magistrate judge's Amended Order discussed above and before the magistrate judge
18 made any ruling on either the pending Motion to Dismiss, the concurrently filed Motion to
19 Strike, or the Motion for Preliminary Injunction. Consequently, the magistrate judge
20 assigned to the case, and responsible for making orders and/or recommendations on
21 those pending motions given Plaintiff's pro se status, never ruled on any of those matters
22 or found Plaintiff's conduct to be sanctionable. Defendant City nevertheless now
23 requests that the Court award $68,317 in attorney's fees, litigation costs and other
24 related expenses it claims to have incurred in defending this lawsuit.

25 While Plaintiff's voluntary dismissal does not insulate him from Rule 11 sanctions,
26 the fact that this lawsuit was pending for just over four months has to be considered. In
27 addition, Plaintiff was proceeding in pro se status and is not an attorney. Although that
28 status also is not dispositive with respect to the propriety of Rule 11 sanctions, as one

court has noted, "[a] layman cannot be expected to realize as quickly as a lawyer would that a legal position has no possible merit." Bacon v. American Federation of State, County & Municipal Employees, 795 F.2d 33, 35 (7th Cir. 1986). A layperson like Plaintiff, then, should not be held to the same standard of care in prosecuting a lawsuit as a lawyer. Id. Additionally, as indicated above, the imposition of Rule 11 sanctions is "an extraordinary remedy, one to be exercised with extreme caution." (Operating Engineers Pension Trust, 859 F.2d at 345). The Court does not believe that Defendant City has met its burden to show that the circumstances of this case justify such extraordinary sanctions. Finally, and in any event, it must be noted that because the assigned magistrate judge never made rulings on the bulk of the motions filed in this matter prior to the case being dismissed,[2] making a determination as to whether the filings were frivolous would require this Court to assess the merits of those motions in a vacuum, which it declines to do.

For all the foregoing reasons, Defendant City of Redding's Motion for Sanctions (ECF No. 58) is DENIED.[3]

IT IS SO ORDERED.

Dated: May 29, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[2] The Court recognizes Defendant City's argument that filing a dismissal before oppositions to the Amended Motions to Dismiss and to Strike were due amounts to a tantamount admission that Plaintiff knew this action was frivolous. That argument, however, amounts to no more than speculation.

[3] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with Local Rule 230(g).

4